IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY PERCIVAL,

        Plaintiff,        CV F 05 1606 LJO WMW PC

  vs.                       FINDINGS AND RECOMMENDATION RE MOTION
                              FOR INJUNCTIVE RELIEF (DOC 12)

DEPT. OF CORRECTIONS, et al.,

        Defendants.

      Plaintiff has filed a request for preliminary injunctive relief.  Specifically, Plaintiff requests that the dosages and frequencies of certain medications be restored to their earlier levels.  This action proceeds on the original complaint.  The allegations in the complaint mirror the allegations in the request for temporary restraining order.

      Plaintiff suffers from a gunshot injury inflicted in 1980.  In 2005, Defendant physicians reduced the dosages of Plaintiff's medication, then discontinued it altogether.  Specifically, the physicians opined that Plaintiff needed to be "weaned" off of the medication.  The physicians were also acting pursuant to CDCR policy.

      The legal principles applicable to a request for preliminary injunctive relief are well established.  To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to

the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  Id.

Generally, irreparable harm is presumed if a violation of the constitution is shown. Goldies' Bookstore, Inc. v. Superior Court of the State of California, 739 F.2d 466, 476 (9th Cir. 1984).  But where a federal injunction is sought against a governmental entity, the party requesting relief must show a threat of "great and immediate," not conjectural or hypothetical, irreparable harm.  City of Los Angeles v. Lyons, 461 U.S. 95, 113 (1983); see also Orates-Hernandez v. Thornburgh, 919 F.2d 549, 557 (9th Cir. 1990).

Concurrent with this recommendation, an order will issue, dismissing the operative pleading, and granting Plaintiff leave to file an amended complaint.   Because Plaintiff has not alleged facts which state a claim for relief, he has not shown a constitutional violation, or that he will is likely to succeed on the merits.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
2  failure to file objections within the specified time waives all objections to the judge's findings of
3  fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within
4  the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
5  F.2d 1153 (9th Cir. 1991).

7  IT IS SO ORDERED.
8  **Dated:   March 4, 2008**               /s/  **William M. Wunderlich**
                                            UNITED STATES MAGISTRATE JUDGE