IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY PERCIVAL,

    Plaintiff,                                CV F 05 1606 AWI WMW PC

    vs.                                         ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

R. HICKMAN,, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Corcoran, brings this civil rights action against correctional officials employed by the CDCR at Corcoran State Prison.

       Plaintiff's claims in this complaint relate to his medical care. Plaintiff suffers permanent injuries as a result of a gunshot wound inflicted in 1980. Plaintiff was shot in the abdomen, and suffers nerve damages, muscle spasms and cramps. Cold or damp weather aggravates the problem. Several medications have been prescribed over the years. Plaintiff has also been issued a lower bunk chrono and light/restricted work duty. The lower bunk and restricted duty chronos were issued in 1990 and have continued to 2003, when Plaintiff was on a yard and could

be assigned a job.

In April of 2002, Plaintiff was prescribed Neurontin, which "worked wonders." The dosage was increased in August of 2002 by Dr. Williams at Mule Creek State Prison. The Neurontin, coupled with a muscle relaxer reduced the severity and frequency of the muscle cramps and eased the nerve jolts that Plaintiff suffered.

On April 10, 2003, a physical therapist noted in Plaintiff's chart, when he was discharged from physical therapy, that "Bacloflen and Neurontin clearly control pain."

On June 16, 2004, Plaintiff was seen by Dr. Greaves. Dr. Greaves, at Plaintiff's request, renewed a prescription for Gabapentin. Plaintiff never received the medication.

On June 25, 2004, Plaintiff was seen again by Dr. Greaves. Plaintiff asked about the Gabapentin, and Dr. Greaves told him that "Sacramento medical headquarters had denied the Gabapentin order renewal, I asked him why and I was told by Dr. Greaves that it was a new policy, I was then told by Dr. Greaves that I was only allowed to receive Elavil which is a heat sensitive psychotropic medication, I initially refused this medication because of those reasons." Compl.; 8:11-18.

On August 24, 2004, Plaintiff was seen by Defendant Dr. Friedman. Plaintiff advised Dr. Friedman that he had been prescribed Gabapentin and Baclofen, and that they "worked just fine." Dr. Friedman prescribed Elavil, a heat sensitive psychotropic medication. He also prescribed Parafoin-Forte, a muscle relaxer that "is known to be harmful to your liver." Plaintiff advised Dr. Friedman that he was undergoing treatment for Hepatitis C, and "would prefer to not take a heat sensitive, psychotropic medication for pain." Plaintiff advised Plaintiff that if he did not desire to take the Elavil, he could refuse treatment.

On April 19, 2005, "after ten months of not being on medication that worked," Plaintiff was again prescribed the Gabapentin and Baclofen. On August 19, 2005, the dosage was reduced by Dr. Ramen.

On August 24, 2005, Plaintiff was again seen by Dr. Friedman.  Plaintiff asked Dr. Friedman to restore the previous dosages and frequencies.  Dr. Friedman denied the request, and advised Plaintiff that he would be "weaned" off of the mediation as his body healed itself.

Plaintiff was also seen by Dr. Viravathana, who also told Plaintiff that he could not be put back on Neurontin of Baclofen, due to policy.  Dr. Viravathana opined that Plaintiff no longer needed Neurontin, and that Tylenol may be considered.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991).

The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 112 S.Ct. 995, 998 (1992); Wilson, 111 S.Ct. at 2323.  Deliberate indifference is present "when prison officials deny, delay or intentionally interfere with medical treatment," or it may be shown "by the way . . . prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (cites omitted).  While neither negligence nor medical malpractice is sufficient to violate the Eighth Amendment, a plaintiff is not required to show a complete failure to provide medical treatment.  Rather, "deliberate indifference" may be shown by conduct amounting to a total failure to competently treat a serious medical condition, even if some treatment is prescribed. See, Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).

Additionally, plaintiff cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989).  Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not

give rise to a section 1983 claim.  <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

Here, Plaintiff alleges facts suggesting that he disagrees with the course of medical treatment he has received.  Plaintiff does not allege facts indicating that Dr. Friedman or Dr. Viravathana knew of, and acted with disregard toward, a serious medical condition of Plaintiff's. In order to state a claim for relief, Plaintiff must allege facts indicating that the named Defendanst's conduct amounted to a total failure to competently treat Plaintiff's condition.  <u>See</u> <u>Ortiz v. City of Imperial</u>, 884 F.2d 1312, 1314 (9th Cir. 1989).  Plaintiff must also allege facts indicating that Defendants' conduct caused him harm.

As to the supervisory Defendants, liability may be imposed on supervisorial defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.  <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege any facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint

must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's complaint is dismissed; and

    2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   March 4, 2008**               /s/  William M. Wunderlich
                                       UNITED STATES MAGISTRATE JUDGE